IN THE UNTIED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOSE ARELLANO, et. al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 06-524C |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant, admits, denies, and alleges as follows:

1. Admits the allegations contained in the first sentence of paragraph one. The remaining allegations contained in paragraph one constitute plaintiffs' characterization of the action and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph two constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Admits the allegations contained in the first sentence of paragraph three that Jose Arellano is currently employed as a GS-12 Physical Security Specialist by the Federal Protective Service, Department of Homeland Security. Denies the remaining allegations in the first sentence of paragraph three for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained in the second and third sentences of paragraph three to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph three.

4. Admits the allegations contained in the first sentence of paragraph four that David Pridgen is a current employee of the Department of Homeland Security, employed as a Physical Security Specialist. Denies the remaining allegations in the first sentence of paragraph four concerning additional plaintiffs for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained in the second and third sentences of paragraph four to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph four.

5. The allegations contained in paragraph five constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in the first sentence of paragraph six constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph six that Jose Arellano and David Pridgen are employed by the Department of Homeland Security, which has its principal place of business in Washington, D.C.; otherwise denies the remaining allegations contained in paragraph six.

7. The allegations contained in the first and third sentences of paragraph seven constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second and fourth sentences of paragraph seven.

8. Admits the allegations contained in paragraph eight that Jose Arellano and David Pridgen worked at the GS-12 pay grades or below as a Physical Security Specialist

and may have worked in excess of forty hours per week and/or eight hours a day at some of the times material herein. Denies the remaining allegations in paragraph eight concerning additional plaintiffs for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

9. Denies.

10. Denies.

11. Denies the allegations contained in the first sentence of paragraph eleven. Admits the allegations contained in the second sentence of paragraph eleven that defendant possesses the employment records for Jose Arellano and David Pridgen. Denies that defendant possesses “exclusive possession, custody and control” of Jose Arellano and David Pridgen’s employment records. Denies the remaining allegations contained in the second sentence of paragraph eleven for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted. The allegations contained in the third sentence of paragraph eleven constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. Denies.

13. Denies.

14. Denies.

15. Denies that plaintiff is entitled to the relief set forth in the prayers for relief immediately following paragraph 14, or to any relief whatsoever.

16. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ Nancy M. Kim

NANCY M. KIM
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0546
Fax: (202) 514-8640

September 14, 2006

Attorneys for Defendant